MILORD & ASSOCIATES, P.C.
2049 Century Park East, Suite 3850
Los Angeles, California 90067
Tel: (310) 226-7878

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILK & HONEY APPAREL, INC., a California Corporation dba DIVISION E,<br><br>PLAINTIFF,<br><br>v.<br><br>FLYP SPORTSWEAR, INC., a New York Corporation dba ROUTE 66 and ROUTE 66 PREMIUM DENIM; KMART CORPORATION, a Delaware Corporation dba KMART; H.N.W. INDUSTRY, INC., a New York Corporation; QING SHENG GU, an individual; BLUE APPAREL, INC., a New York Corporation; HUI YUAN LIU, an individual; and DOES 1-10, inclusive,<br><br>DEFENDANTS. | **Case No.: CV13-01869 GAF (MRWx)**<br><br>**ORDER GRANTING PARTIES' STIPULATION FOR PROTECTIVE ORDER** |

**[PROPOSED] ORDER GRANTING PARTIES' STIPULATION FOR PROTECTIVE ORDER**

Upon stipulation of the parties for a protection order pursuant to Fed. R. Civ. P. 26(c) governing the disclosure during pretrial discovery and the subsequent handling of trade secret information, proprietary information, other confidential commercial, financial or personal information, and documents containing any such information (hereinafter collectively referred to as "CONFIDENTIAL INFORMATION"),

**IT IS HEREBY ORDERED THAT:**

**1.     INITIAL DESIGNATION.**

**1.1     Confidential Information**.  In connection with discovery in this action, the parties may designate materials, including electronic files, documents, things, and testimony, as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" (collectively hereinafter, "CONFIDENTIAL INFORMATION") under the terms of this Stipulated Protective Order ("Order").

The parties shall apply the designation "Confidential" to information or materials that the designating party in good faith believes to constitute private personnel information and/or data and/or any information that implicates or may implicate the privacy rights of the designating party and/or a third party, and that is not otherwise publicly available, except that the foregoing shall not apply to any document that is in the public domain as a result of a violation of any duty, law or agreement.

The parties shall apply the designation "Confidential – Attorney's Eyes Only" only to a limited amount of Confidential Information which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers and suppliers, inventories, blueprints, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation or to the organization from which the information was obtained, and, to the extent not already encompassed in the preceding definition, trade secrets as defined in California Civil Code § 3426.1.

By designating a document, thing, material, testimony or other information derived therefrom as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rules of Civil Procedure 26(g). Material designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under the Order, the information contained therein, and any documents derived in whole or in part from material designated as CONFIDENTIAL INFORMATION ("CONFIDENTIAL MATERIAL") shall only be used for the prosecution, defense or settlement of this action, and for no other purpose.

**1.2    Produced Documents.** A party producing documents that it believes constitute or contain CONFIDENTIAL INFORMATION shall produce copies bearing a label designating such material CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY. As used herein, the term "documents" includes all writings or other media on which information is recorded and other electronic files and tangible things subject to production under the Federal Rules of Civil Procedure. Any and all documents, information, or materials provided by a party for the purpose of settlement discussion prior to the entry of this Order by the Court shall be deemed Confidential Information; notwithstanding any other provisions of this Order, no such documents, information, or materials may be disclosed, shared, or otherwise used during any part of this case unless introduced again by the same providing party under this Order.

**1.3    List.** Within fourteen days after producing or designating CONFIDENTIAL INFORMATION, the producing or designating party shall provide a log identifying all such designated material. The log shall identify the documents or other material either by Bates stamp number(s) or by a description sufficiently detailed to make the document or material the basis for the claimed CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY designation. The log shall state with specificity all the asserted basis which support the need to identify designated materials as

**[PROPOSED] ORDER GRANTING PARTIES' STIPULATION FOR PROTECTIVE ORDER**

CONFIDENTIAL.

**1.4  Attorneys' Eyes Only Material.**  As stated above, the parties may designate discovery material or testimony of a highly confidential and/or proprietary nature as ATTORNEYS' EYES ONLY or CONFIDENTIAL-ATTORNEYS' EYES ONLY ("Attorneys' Eyes Only Material"), in the manner described in paragraph 1 above. Attorneys' Eyes Only Material, and the information contained therein, may be disclosed only to the following: (i) the Court, pursuant to paragraph 3.5 hereof; (ii) mediators or arbitrators agreed upon by the parties; (iii) outside counsel for any party (and their staff); or (iv) other "qualified persons" listed in subparagraphs 3.1 herein.  Individuals within categories (iii) to (iv) shall pre-agree to be bound by the terms of the Protective Order. Attorneys' Eyes Only Material shall not be disclosed to any party or to any officer, in-house counsel, director or employee of any party unless agreed in writing by the parties or ordered by the Court.  ATTORNEYS' EYES ONLY and CONFIDENTIAL information shall collectively be referred to as Designated Material.

**1.5  Later Designations.**  A party may also designate information disclosed at a deposition as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY by notifying all parties in writing, within twenty-one (21) days of receipt of the transcript, of the specific pages and lines designated as such.  Each party shall attach a copy of such written statement to the face of each transcript in its possession, custody or control.  For twenty-one (21) days after receipt of the transcript, depositions shall be treated as ATTORNEYS' EYES ONLY, but after that period any portions not designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY may be disclosed.

**2.  DESIGNATIONS BY ANOTHER PARTY.**  For fourteen (14) days after receipt of documents from a third party, the documents shall be treated as ATTORNEYS' EYES ONLY, but after that period any portions not designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY may be disclosed. If a third party produces documents that any party reasonably believes should be protected under this Order, within fourteen (14) days of the production said party to this action shall advise all

counsel of its designation of such documents as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY and shall affix the corresponding stamp on such documents. The third party shall be served with a copy of this Order with the Subpoena and such third party itself may designate documents or testimony as Confidential or Attorneys' Eyes Only as provided herein. All parties shall cooperate to effectuate affixing the necessary stamp.

**3.      HANDLING PRIOR TO TRIAL.**

**3.1     Authorized Disclosures.** Discovery Material designated as CONFIDENTIAL or information derived therefrom may be disclosed, shown, or made available, or communicated in any way only to the following persons:

a.     The parties and employees of the parties, but only to the extent necessary to participate in, assist in and monitor the progress of this action and for no other purpose;

b.     Qualified persons taking testimony involving Designated Material, and necessary stenographic, videographic, and clerical personnel thereof;

c.     Consultants or experts and their staff who are employed for the purposes of this litigation, provided that the provisions of Paragraph 3.3 of this Stipulation are complied with prior to any disclosure of any Designated Material to such an expert or consultant;

d.     The Court and the Court's staff pursuant to Paragraph 3.5 of this Stipulation;

e.     Attorneys for the parties to this litigation and/or the insurance carriers for the parties to the litigation, including persons working solely in secretarial, clerical, and paralegal capacities, and who are providing assistance to counsel in this action, and/or claims representatives and/or claims adjustors, upon the condition that such Designated Documents not be used in policy issuance determinations and be immediately destroyed by the insurance carriers upon completion of the instant litigation;

f.     Third-parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents but for that purpose only, provided that all such confidential documents are kept and maintained in a separate and secure place and that the third party retained to copy, image, or code confidential documents is not currently

performing any services, either as an employee, consultant, or otherwise for any competitor of either party to this action or for one having any interest adverse to either party to this action;

  g. The author, addressees and recipients of the documents or any person who would have had access to such information by virtue of his /her employment; and,

  h. Any other person as to whom the parties previously agree in writing.

Such disclosures are authorized only to the extent necessary to prosecute or defend this litigation. There will be no disclosure of CONFIDENTIAL INFORMATION to any person or entity who is a manufacturer or retail competitor (or an employee of a manufacturer or retail competitor) of a party. There will be no disclosure of CONFIDENTIAL INFORMATION to any distributor or supplier (or an employees of a distributor or supplier) of a party unless within 14 days of written notice by the party wishing disclosure, either the parties agree to the terms of disclosure or the party objecting to a proposed disclosure files a motion objecting to disclosure and the court orders otherwise.

  **3.2** **AEO Disclosure.** Material or documents designated as ATTORNEYS' EYES ONLY may be shown to a "qualified person" listed in subparagraphs 3.1(b) through (g).

  **3.3** **Procedure.** Except for persons described in Paragraph 3.1.d, 3.1.e or 3.1.f of this Stipulation, all persons to whom Designated Material is disclosed or by whom Designated Material is used, including parties, non-parties, and their representatives, shall be informed of and agree to be bound by the terms of this Stipulation and the Protective Order and shall take all necessary precautions to prevent any disclosure or use of Designated Material other than as authorized by this Stipulation.

  a. Prior to disclosing Designated Material to any person, other than persons described in Paragraph 3.1.d, 3.1.e or 3.1.f of this Stipulation, the disclosing party shall obtain from such person a "Written Assurance" acknowledgement (Attachment "A"), that such person has reviewed a copy of this Stipulation and any subsequent Protective Order

issued by the Court, will comply with their terms in all respects, and will submit to the jurisdiction of this Court for adjudication of any dispute about whether such person has complied with the terms of this Stipulation and any subsequent Protective Order issued by the Court. In addition, prior to dissemination by a receiving party, or its counsel of record, of any Designated Material to any person, other than persons described in Paragraph 3.1.d, 3.1.e or 3.1.f of this Stipulation, the disseminating party shall obtain and maintain a copy of this acknowledgement evidencing that such person has executed the undertaking.

      b.    Individuals who are authorized to review Designated Material pursuant to this Stipulation shall hold the Designated Material and its contents in confidence and shall not divulge the Designated Material or its contents, either verbally or in writing, except as expressly permitted by this Stipulation, unless authorized to do so by a further Order of this Court or as specifically required by law.

      **3.4**    **Unauthorized Disclosures.**  In the event of disclosure of material designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY Material, other than as authorized in this Order, counsel for the party responsible for the disclosure shall notify all parties of all pertinent facts, and shall make every effort to prevent further disclosure, including retrieving disclosed materials and copies of such materials and having unauthorized persons to whom disclosure was made sign a "Written Assurance" acknowledgement (Attachment "A"). Upon written stipulation, in accordance with Local Rule 37, the Court may order such further and additional relief as it deems necessary and just.

      **3.5**    **Court Filings.**  The parties acknowledge the procedures for filing under seal outlined by Local Rule 79-5.1. If Confidential Material, including any portion of a deposition transcript designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY is included in any of the papers to be filed with the Court, the Confidential Material or any portions of the pleadings which contain Confidential Material shall be labeled "Confidential – Subject to Court Order," shall be lodged under seal, and shall be

MILORD & ASSOCIATES, P.C.
2049 Century Park East, Suite 3850
Los Angeles, California 90067
Tel: (310) 226-7878

accompanied by a written application and proposed order to file the Confidential Material under seal to the judge to whom the papers are directed, until further order of the Court. Each submission to be lodged under seal is to be filed on a document by document basis, allowing the Court the opportunity to determine whether the standard for filing material under seal has been satisfied. The proposed order shall address both the sealing of the application and the order itself. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope, with the authority for the under-seal filings, if authorized by statute or rule, appearing on the title page of the proposed filing Applications and Orders to Seal, along with the material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-5. A Notice of Manual Filing shall be electronically filed identifying materials being manually filed. The parties agree that exhibits provided to any jury empanelled in this proceeding shall be provided without the CONFIDENTIAL or ATTORNEYS' EYES ONLY stamp.

**4. HANDLING DURING TRIAL.** CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY which is subject to this order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the trial court upon application by the designating party.

**5. HANDLING AFTER TRIAL.** This Order shall survive the final termination of this action and shall protect all retained materials that have remained confidential through final termination of the case. Upon final termination of this case, counsel for the parties may each retain one copy of the pleadings, transcripts of any hearings or trials, transcripts of depositions, and exhibits from any hearings, trials or depositions. Counsel shall destroy or assemble and return to each other materials designated as confidential and all copies or summaries thereof.

**6. RESTRICTIONS.** Nothing herein shall impose any restriction on the use or disclosure by a party of material: (1) obtained lawfully by a party hereto other than through discovery in this action, from a person who, to the best of such party's

1  knowledge, was not at the time such materials were obtained by such party under a duty
2  (contractual or otherwise) to maintain such materials in confidence; (2) that is public
3  knowledge or became public knowledge after disclosure under this Order (other than
4  through an act or omission or a person receiving material under this Order).

5  **7.  OTHER REQUESTS.**  The Order shall be without prejudice to the right of
6  any party: (i) to request re-designation of material as Confidential, Attorneys' Eyes Only,
7  or neither, or both; (ii) upon written stipulation, in accordance with Local Rule 37, to
8  request the Court's ruling on whether a document or information is Confidential or
9  Attorneys' Eyes Only Material, or whether its use should be restricted; (iii) to present a
10 motion to the Court under FRCP 26(c) for a separate protective order as to any document
11 or information, including restrictions differing from those specified herein.  The Order
12 shall not be deemed to prejudice the parties in any way in any future application for
13 modification of this Order.

14 **8.  CUSTODY.**  Recipients of material under this Order shall maintain such
15 material secured and shall exercise the same standard of care with respect to storage,
16 custody, use and dissemination of the material as they exercise for their own proprietary
17 information, but in no event shall the standard be less than that of a reasonable person.

18 This order shall be binding on the parties when signed regardless of whether and
19 when this Court endorses this Order.

20 **IT IS SO ORDERED.**

23 Dated:  February 4, 2014      By: _____
                                   Honorable Michael R. Wilner
                                   United States District Magistrate Judge

# EXHIBIT A

# WRITTEN ASSURANCE

I, _____ (print name), reside at _____, in the City of _____, _____. I am employed by and/or affiliated with _____, with a business address of _____, in the City of _____, _____. I have read and understand the Stipulated Protective Order filed in the case of *Milk & Honey Apparel, Inc. v. Flyp Sportswear, Inc., et al.*, United States District Court Case CV13-01869 GAF (MRWx).  I agree to comply with and be bound by the provisions of the Stipulated Protective Order.  I will not divulge Confidential Material and/or Attorneys' Eyes Only Material (as those terms are defined in the Stipulated Protective Order) to persons other than those specifically authorized by the Stipulated Protective Order.  I will not copy or use, except solely for the purpose of this litigation, any information protected by the Stipulated Protective Order except as expressly permitted by the Court.

Executed at _____, _____ (insert city and state), this _____ day of _____, 201__.

_____
Signature

-10-
**[PROPOSED] ORDER GRANTING PARTIES' STIPULATION FOR PROTECTIVE ORDER**